1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re ADVANCED MARKETING SERVICES, INC. SECURITIES LITIGATION | Case No. 04-CV-00121 BEN (AJB) |
|---|---|
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | [D.E. # 91] |

ORDER AUTHORIZING
DISTRIBUTION OF SETTLEMENT FUND

Whereas:

A. On October 16, 2006, the Court entered the: Order Approving Plan of Allocation of Settlement Proceeds; Order Awarding Attorneys' Fees and Reimbursement of Expenses; and Final Judgment and Order of Dismissal of the Litigation With Prejudice (the "Settlement Orders"). The Court retained jurisdiction over the Litigation for all matters relating to the consummation of the Settlement.

B. As set forth in the Notice of Pendency and Proposed Settlement of Class Action, the deadline for Class Members to submit claims to participate in a distribution from the Net Settlement Fund was December 19, 2006.

C. As reflected in the accompanying Declaration of Benjamin Galdston of Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"), and Affidavit of Stephen J. Cirami, Assistant Vice President of Securities Operations for The Garden City Group ("Claims Administrator"), the process of reviewing all claims has been completed.

D. Lead Counsel now seeks authorization to distribute the Net Settlement Fund to Authorized Claimants, after deduction of fees and expenses approved by this Order, and also seeks approval of the rejection of certain claims that the Claims Administrator has determined are not valid.

E. All Claimants whose claims the Claim Administrator propose be rejected were notified of the deficiency in their claim and given the opportunity to contest the rejection. These Claimants were given a full and fair opportunity to have their objection to the Claims Administrator's determination heard by the Court, and none of these Claimants raised any such objection.

F. The Court has reviewed the motion of Lead Counsel for Entry of an Order Authorizing Distribution of Settlement Fund, the Declaration of Benjamin Galdston, the Affidavit of Stephen J. Cirami ("Cirami Affidavit") and all other exhibits and papers submitted in support thereof, and good cause appears for the relief requested.

THEREFORE, IT IS HEREBY ORDERED, as follows:

1. All claims that the Claims Administrator has determined are acceptable for payment, as set forth in Exhibit B ("Timely Authorized Claimants") to the Cirami Affidavit, are approved for payment from the Net Settlement Fund.

2. All claims that the Claims Administrator has determined were submitted after the December 19, 2006 deadline for filing claims, but are otherwise valid and in compliance with the requirements for submitting valid proofs of claim, as set forth in Exhibit B ("Late Postmarked but Otherwise Authorized Claimants") to the Cirami Affidavit, are approved for payment from the Net Settlement Fund.

3. All claims that the Claims Administrator has determined are not acceptable for payment, as set forth in Exhibit B ("Rejected or Ineligible Claims") to the Cirami Affidavit, are disallowed and shall not be paid.

4. Submission of any claim for participation in the Settlement, other than those previously filed with the Claims Administrator, is forever barred.

5. Lead Counsel and the Claims Administrator are directed to arrange for payment of the Net Settlement Fund, after deduction of fees and expenses approved by this Order, to all Authorized Claimants in accordance with the Plan of Allocation, as soon as practicable after entry of this Order and receipt of any refunds which may be due on previously paid taxes.

6. The Claims Administrator's incurred and anticipated fees and expenses of $136,532.88 in connection with administering the Settlement are approved and will be paid from the Settlement Fund.

7. Any taxes due and owing as well as the $8,000 fee for the preparation of the tax returns for the Settlement Fund, costs which were authorized for payment from the Settlement Fund by prior Order of this Court, will be paid from the Settlement Fund.

8. Lead Counsel is directed to make reasonable attempts to locate Authorized Claimants whose checks are returned as undeliverable. Any funds remaining in the Settlement Fund one year after the initial distribution date shall be distributed pro rata to the Authorized Claimants if such a

distribution would be cost effective, or in the event such a distribution would not be cost effective, these funds shall be donated to an appropriate non-profit organization to be selected jointly by Lead Plaintiff and Lead Counsel, and as approved by the Court.

9. All hard copy claim forms and documentation reviewed during the claims administration process shall be retained by the Claims Administrator for one year and magnetic media for three years from the date of entry of this Order. After that date, said records may be destroyed.

**IT IS SO ORDERED**.

DATED: July 26, 2007

_____
Hon. Roger T. Benitez
United States District Judge